UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE STAPLES,

    Plaintiff,                                Case No. 1:09-cv-13

v                                          HON. JANET T. NEFF

KELLY WHITNEY, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

       This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. On January 7, 2009, Plaintiff filed a complaint alleging that he was denied access to a notary, necessary for legal paperwork, and suffered mental and physical harm as a result of Defendants' actions. Defendants filed a motion to dismiss on the ground that Plaintiff failed to exhaust his available administrative remedies. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court grant Defendants' motion to dismiss.

       The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. Plaintiff enumerates nine objections with nine corresponding arguments to the Report and Recommendation. These objections can be condensed into three general arguments. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which the objections have been made. The Court denies the objections and issues this Opinion and Order.

1

First, Plaintiff argues that the Magistrate Judge improperly employed an exhaustion analysis because "PLRA claims are typically brought under 42 U.S.C. § 1983, which does not require exhaustion at all" (Dkt 26 at 3). Plaintiff's argument is without merit. As the Magistrate Judge correctly noted, the Supreme Court in *Woodford* addressed the issue of exhaustion, holding that the PLRA does require "proper exhaustion," defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo,* 548 U.S. 81, 90-93 (2006). *See also Jones v. Bock*, 549 U.S. 199, 218 (2007) (noting that "[c]ompliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust'"). Accordingly, the Magistrate Judge did not err in employing an exhaustion analysis in the instant litigation.

Second, Plaintiff argues that the Magistrate Judge erred in determining that Plaintiff failed to properly comply with the MDOC grievance process (Dkt 26 at 5). Plaintiff argues that the MDOC grievance policy was properly followed because the policy does not require that an individual, later named in litigation, have been named in the initial grievance (Dkt 26 at 5). Plaintiff also argues that because he was hospitalized and then placed in a "suicide cell," he was unable to file the first grievance in a timely manner (Dkt 26 at 7). These arguments are misplaced. The Magistrate Judge did not determine that Plaintiff improperly complied with MDOC grievance policy for failure to name an individual in the initial grievance (Dkt 25 at 5). Rather, the Magistrate Judge concluded that Plaintiff unsuccessfully pursued the matter through all three steps of the grievance process (Dkt 25 at 5).

Third, Plaintiff argues that the Magistrate Judge erred in determining that he suffered no litigation-related injury or legal prejudice due to Defendant Thomas' alleged actions (Dkt 26 at 7).

This argument demonstrates Plaintiff's disagreement with the Magistrate Judge's determination but not any error by the Magistrate Judge. The Court therefore denies Plaintiff's objection.

For these reasons and because this action was filed *in forma pauperis*, this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of the decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997). A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 26) are DENIED and the Report and Recommendation (Dkt 25) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss for Failure to Exhaust Administrative Remedies (Dkt 17) is GRANTED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Dated: February 8, 2010          /s/ Janet T. Neff
                                 JANET T. NEFF
                                 United States District Judge